# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**SANDRA KUBIAK,**

                Plaintiff,

    -vs-                                          **Case No. 06-C-874**

**ARS NATIONAL SERVICES, INC.,**

                Defendant.

## ORDER CONDITIONALLY CERTIFYING CLASS AND GRANTING PRELIMINARY APPROVAL OF SETTLEMENT

      This cause comes before the Court on the joint motion of Plaintiff and Defendant for preliminary approval of a Class Action Settlement Agreement. Movants appeared through their respective attorneys of record. Pursuant to Fed. R. Civ. P. 23(e), the parties have submitted a proposed Settlement Agreement to the Court for preliminary approval, which proposed Settlement Agreement has been filed in the papers in this cause. The parties have requested approval of: (i) the form of notice to the class; (ii) the proposed class certification for settlement purposes only; and (iii) the terms of the proposed Settlement Agreement.

      After consideration of the evidence, the papers filed in the above-referenced cause and the argument of counsel, the Court has made a preliminary determination that: (i) the proposed settlement class is potentially certifiable under Fed. R. Civ. P. 23(b)(3); and (ii) the proposed settlement of the claims of the class against Defendant appears to be fair, adequate, and reasonable, and therefore, within the range of approval.

      The Court further finds that the efforts of Defendant to identify Class Members and obtain their last known addresses from its records and the parties' proposal to send each Class Member written notice by first class U.S. mail, with forwarding address requested, is calculated to provide the best notice practicable to all Class Members within the meaning of Fed. R. Civ. P. 23(c)(2) and (e).

      The Court also finds that the proposed form of notice is adequate and will give all Class Members sufficient information to enable them to make intelligent decisions as to whether to remain Class Members, opt out, or object to the proposed settlement and its terms.

**IT IS THEREFORE, ORDERED THAT:**

1. Pursuant to Fed. R. Civ. P. 23(e), a class is conditionally certified for settlement purposes only, under Fed. R. Civ. P. 23(b)(3) as: all natural persons who, during the Class Period:

   a. were sent a collection letter by ARS National Services, Inc. based on the same template used in creating Exhibit B to the Complaint;

   b. during the debt validation period;

   c. concerning a debt incurred for personal, family, or household purposes; and

   d. whose letter was not returned as undeliverable by the Postal Service.

The Class Period runs from August 15, 2005 through April 16, 2007.

2. However, the Settlement Class excludes any consumer who would meet the class definition but who has already settled an FDCPA claim against Defendant since the start of the Class Period.

3. As to any Class Members who are or were involved in bankruptcy proceedings, whose causes of action against Defendant might otherwise be considered property of the estate as that term is defined by 11 U.S.C. § 541(a), it appears to the Court that: (i) it would have been unlikely that said Members would have been aware of the technical statutory claims of said causes of action; and (ii) the potential recovery on said claims as well as the disputed nature of same would have resulted in the abandonment of same. The Court therefore concludes that the claims, if any, belong to the Class Members and that they are the proper parties for notice under this Order.

4. The Court will hold a hearing, pursuant to Rule 23(c) and (e) at the time and place indicated below for the purpose of determining: (i) whether the conditionally certified settlement class meets the requirements for class certification under Rule 23; (ii) whether the proposed settlement is fair, reasonable and adequate, and should, therefore, be approved; (iii) the amount of attorneys' fees and expenses that should be awarded to Class Counsel; and (iv) the award of an incentive payment to the Class Representative.

5. The Fairness Hearing will be held on December 11, 2007, at 10:30 a.m., at:

   United States District Court for the Eastern District of Wisconsin
   Milwaukee Division
   Courtroom of U.S. District Judge Rudolph T. Randa

>        320 United States Courthouse
>        517 East Wisconsin Avenue
>        Milwaukee, WI 53202

  6. Plaintiff is appointed as the Class Representative for the settlement class, and the following attorneys are appointed as Class Counsel:

>        Robert K. O'Reilly
>        John D. Blythin
>        Ademi & O'Reilly, LLP
>        3620 E. Layton Avenue
>        Cudahy, WI 53110
>        (414) 482-8000
>        (414) 482-8001 (FAX)

  7. Notice of the preliminary certification of the class action for settlement purposes only, the proposed settlement, and the final approval hearing shall be given by Defendant or its designated claim administrator to the settlement class by mailing the Class Notice, a copy of which is attached hereto as **Exhibit 1**, to members of the settlement class by U.S. mail, first-class, with address correction requested, in accordance with the terms of the Settlement Agreement, which Notice shall be mailed no later than **July 2, 2007**.

  8. A Class Member may opt out of the Class at any time prior to **September 4, 2007**. To opt out of the Class, a Class Member must complete and return to Class Counsel a request for exclusion, as described in the Class Notice, which request for exclusion shall be post-marked no later than **September 4, 2007**. Any member of the Class who opts out shall not be subject to the Settlement Agreement or any final judgment in this case and shall not participate in the Class recovery.

  9. No member of the Class, or any other person, shall be heard at the Fairness Hearing in opposition to class certification, class settlement, Class Counsel's proposed attorneys' fees and expenses or the proposed Class Representatives' award unless not later than 5:00 p.m. on **October 1, 2007**, such Class Member or other person files with the Clerk of the Court and serves upon counsel listed below an objection containing, at a minimum, the following information: (i) a statement of each objection being made, which shall contain a detailed description of the facts underlying each objection and a detailed description of the legal authorities underlying such objection; (ii) a statement of whether the objector intends to appear at the Fairness Hearing; (iii) a list of witnesses whom the objector may call by live testimony, oral deposition testimony or affidavit during the Fairness Hearing; and (iv) a list of the exhibits which the objector may offer during the Fairness Hearing, along with copies of all of the exhibits.

10. Class Members, or any other person objecting to the proposed settlement, shall file any such notices and objections with the Court and serve their notice of objections upon Class Counsel and counsel for Defendant no later than **October 1, 2007**. Class Members, or any other person, who fail to properly or timely file their notices and objections with the Court, or fail to timely serve such notices and objections on Class Counsel and Counsel for Defendant, shall not be heard during the Fairness Hearing and the Court will not consider their objections. Any notice required by this paragraph shall be served on Class Counsel and Counsel for Defendant by certified mail, hand-delivery, or facsimile transmission. No objection shall be heard by the Court that does not comply with these requirements, which is not timely filed with the Court, or which is not timely served on listed Counsel.

11. Until the Fairness Hearing described above, or further order of this Court, all Class Members are hereby preliminarily enjoined and ordered not to file, institute or prosecute any lawsuit or claim against Defendant or any of its officers, directors, shareholders, or employees arising out of or related to the same or similar circumstances, transactions or occurrences as are alleged in this case, such as Defendant's use of letters that allegedly were not compliant with the FDCPA unless the Class Member opts out. The preliminary injunction ordered in this paragraph shall cease to be effective and binding upon any Class Member acting solely in his or her individual capacity upon the date of such Class Member opting out of the settlement as provided herein.

12. This Order shall not be construed or deemed to be a finding of this Court or evidence of a presumption, implication, concession, or admission by Defendant concerning (1) any alleged liability, fault, or wrongdoing by Defendant; (2) the appropriateness of any measure of alleged loss or damages; or (3) the appropriateness of class certification for any purposes other than Settlement. If the Settlement Agreement is terminated pursuant to its terms, or if the Settlement is not approved or consummated for any reason whatsoever, the Settlement and all proceedings had in connection therewith shall be without prejudice to the status quo ante rights of the parties to this action.

Dated at Milwaukee, Wisconsin, this 1st day of May, 2007.

        **SO ORDERED,**

        **s/ Rudolph T. Randa**
        **HON. RUDOLPH T. RANDA**
        **Chief Judge**